UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW A. TOBIN,

    Plaintiff,

v.                                                  Case No. 4:20cv292-MW-HTC

TAYLOR CORRECTIONAL INSTITUTION, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

On May 26, 2020,[1] Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint in this action, seeking to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, and on June 12, 2020, the undersigned directed Plaintiff to file an amended complaint by July 12, 2020. ECF Doc. 3.

---

[1] When available, the undersigned refers herein to the date the Petitioner submitted the referenced motion to prison mail officials, rather than the docketed date. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

When Plaintiff did not do so by July 13, 2020, and no motion for extension to time to do so had been received, the undersigned issued an order to show cause why the case should not be recommended for dismissal. ECF Doc. 4. On July 15, 2020, however, the Court received notice of a motion for extension of time that had been given by Tobin to prison mail officials on July 6, 2020. ECF Doc. 5. Therefore, on July 20, 2020, the Court extended the time for filing an amended complaint until August 12, 2020. ECF Doc. 7. That deadline came and went, without Plaintiff filing the amended complaint.

Therefore, on August 31, 2020, after having given Plaintiff three (3) months to file an amended complaint, the undersigned issued a report and recommendation, recommending this case be dismissed. ECF Doc. 8. Plaintiff objected to the report and recommendation and represented to the Court he had submitted an amended complaint to the on-duty sergeant on August 11, 2020. ECF Doc. 9. Accepting Plaintiff's word, Chief Judge Walker rejected the report and recommendation and gave Plaintiff thirty (30) additional days (until November 2, 2020) to file an amended complaint. ECF Doc. 10.

That deadline came and went without the filing of an amended complaint or any filing by Plaintiff. Therefore, on December 14, 2020, the Court gave Plaintiff an additional fourteen (14) days, until December 28, 2020, to show cause why this action should not, once again, be recommended for dismissal for failure to comply

Case No. 4:20cv292-MW-HTC

with orders of the Court and failure to prosecute. ECF Doc. 11. Plaintiff has not responded to the show cause order.

Thus, despite having known since mid-June 2020, that he was obligated to file an amended complaint, Plaintiff has failed to do so. And, in failing to do so, Plaintiff has ignored two show cause orders as well as the Chief Judge's order. Moreover, Plaintiff has allowed more than six (6) months to elapse without providing the Court with a complaint that is sufficient to be served.

Accordingly, it is respectfully RECOMMENDED that:

1.  This action be DISMISSED WITHOUT PREJUDICE for failing to prosecute and for failing to comply with an order of the Court.

2.  The clerk be directed to close the file.

DONE in Pensacola, Florida, this 11th day of January, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**